UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA CARROLL,

    Plaintiff,

vs.                                                              Case No.

LVNV FUNDING, LLC, and ANDREU,
PALMA & ANDREU, P.L.,

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT
and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    This is an action for damages brought by VIRGINIA CARROLL, an individual consumer, against the Defendant, LVNV FUNDING, LLC and ANDREU, PALMA & ANDREU, P. L., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Declaratory relief is available according to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, VIRGINIA CARROLL (hereinafter referred to as "Plaintiff"), is a natural person and citizen of the State of Florida, residing in Tampa, Hillsborough County, Florida. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, LVNV FUNDING, LLC (hereinafter referred to collectively as "Defendants" or as "LVNV"), is a State of Nevada limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada and is engaged in the practice of debt collection, and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

5. Defendant, ANDREU, PALMA & ANDREU, P. L. (hereinafter referred to collectively as "Defendants" or as "FIRM") is a Florida limited liability company, engaged in the practice of debt collection, and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) with its principal place of business located at 100 NW 57th Ct., Suite 400, Miami, Florida.

6. FIRM is in the business of collection of debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

7. Jorge L. Palma, Esq. (hereinafter referred to as "PALMA") is employed by FIRM.

8. The actions of PALMA are imputed to FIRM.

9. The actions of FIRM are imputed to LVNV.

10. FIRM is vicariously liable for the actions of PALMA.

11  LVNV is vicariously liable for actions of FIRM.

12. LVNV is vicariously liable for the actions of PALMA.

13. PALMA and Defendants LVNV and FIRM are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

15. Defendants regularly collect or attempt to collect consumer debts from other parties. Defendants are a "debt collector" as that term is defined in the FDCPA. See 15 U.S.C. § 1692a(6).

16. At all times material to the allegations of this complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

17. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, the United States Congress has declared at 15 U.S.C. § 1692:

> (a) Abusive practices
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> (b) Inadequacy of laws
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

18. Defendants have sought to collect an alleged consumer debt from Plaintiff arising from the extension of credit or the purposes of an alleged credit card with HSBC Bank Nevada N. A. which was for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) (hereafter referred to as the "Debt").

19. It is upon information and belief that sometime thereafter, the alleged Debt was assigned, placed, or otherwise transferred and/or sold for ownership to Defendant, LVNV.

20. It is upon further information and belief that sometime thereafter, the alleged Debt was placed by Defendant, LVNV with Defendant, FIRM for collection.

21. On or about August 27, 2014, LVNV, through Palma and FIRM, filed a state court complaint in the County Court of Hillsborough County, Florida seeking to collect a consumer debt from Plaintiff.

22. The causes of action in the debt collection complaint were time-barred by the applicable statute of limitations.

23. Defendants knew or should have known that the state court complaint was time-barred.

## COUNT I
### (Violation of the FDCPA: Time-Barred Claims)

24. Plaintiff realleges and incorporates herein paragraphs 1 through 23.

25. Defendants, LVNV and FIRM violated 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(5) by bringing the time-barred state court complaint against Plaintiff.

26. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 14th day of November 2014.

         **DICESARE, DAVIDSON & BARKER, P.A.**

         *s/ Harold E. Barker*
         HAROLD E. BARKER, ESQUIRE
         Florida Bar #0500143
         Post Office Box 7160
         Lakeland, Florida 33807-7160
         Phone (863) 648-5999
         Facsimile (863) 648-4755
         E-Mail: rbarker@ddblaw.com
         *(lmatlock@ddblaw.com; sperales@ddblaw.com)*
         Attorney for the Plaintiff